Singh v. Bondi

BIA
Wright, IJ
A209 874 369

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

SIMRANJEET SINGH,
> *Petitioner,*

v.                                                           23-7022
                                                             NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Jaspreet Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Walter Bocchini, Senior Litigation Counsel; Monica M. Twombly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Simranjeet Singh, a native and citizen of India, seeks review of an August 17, 2023, decision of the BIA affirming an August 6, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Simranjeet Singh*, No. A209 874 369 (B.I.A. Aug. 17, 2023), *aff'g* No. A209 874 369 (Immigr. Ct. N.Y.C. Aug. 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude

2

to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Singh alleged that members of the Bharatiya Janata Party ("BJP") and the Shiromani Akali Dal Badal Party attacked him twice in 2016 on account of his support for the Shiromani Akali Dal Amritsar Party. Substantial evidence supports the agency's determination that Singh was not credible.

The IJ reasonably relied in part on Singh's demeanor, finding his testimony unresponsive at times. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) ("giv[ing] particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor"). The record supports that finding: Singh was evasive and unresponsive when asked about the identity of the ruling party when he left India, whether he knew why his father went missing in 2012, and why he had not submitted medical records.

The IJ also reasonably relied on Singh's inconsistent evidence regarding who accompanied him to the doctor after his first attack and whether he reported his second attack to the police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). He did not compellingly explain these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks

4

omitted)).

Having questioned Singh's credibility, the IJ reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ noted, Singh testified that he had evidence of his medical treatment, but he did not submit that evidence, and his mother's affidavit was inconsistent with his testimony.

Taken together, the IJ's demeanor finding, the inconsistencies, and the lack of corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273.[1] The adverse credibility determination is dispositive because all three forms of relief are based on the same

---

[1] Even assuming error in the IJ's additional findings that Singh's testimony was vague and that his descriptions of how he was injured were too similar, remand would be futile given Singh's lack of responsiveness, the inconsistencies, and the absence of reliable corroboration. *See Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016) ("When a[] . . . decision contains errors, we may . . . deem remand futile . . . if (1) substantial evidence in the record . . . supports the IJ's finding that petitioner lacked credibility, and (2) disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the IJ would adhere to his decision were the petition remanded." (quotation marks omitted)).

factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court